UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **JAKE KATES and all others similarly situated,** | |
| Plaintiff, | |
| v. | **Case No. 08-00384-CV-W-FJG** |
| **CHAD FRANKLIN NATIONAL AUTO SALES NORTH LLC and, CHAD FRANKLIN,** | |
| Defendants. | |

**ANSWER OF DEFENDANT CHAD FRANKLIN NATIONAL AUTO SALES NORTH LLC**

Defendant Chad Franklin National Auto Sales North LLC, by undersigned counsel, provides this Answer to the state court petition now removed to this Court. Unless otherwise expressly admitted herein, all allegations of the Petition are denied.

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶1 and accordingly, the allegations are denied.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶2 and accordingly, the allegations are denied.

3. Defendant is without knowledge or information sufficient to form a belief as to what plaintiff considers "information and belief" or the truth of the remaining allegations set forth in ¶3 and accordingly, the allegations are denied.

4. Defendant admits Mr. Franklin is a natural person, an individual, but denies the remaining allegations of ¶ 4.

5. Defendant denies the allegations contained in ¶¶ 5, 6, 7, 10, 11, 13, 14, 15, 16, 17 including its subparts, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in ¶¶ 8, 9, and 12 and accordingly the allegations are denied.

**Count I**

7. In response to ¶ 28, defendant incorporates its previous responses to the allegations as if fully set forth herein.

8. Defendant denies the allegations made in ¶¶ 29 and 30.

**Count II**

9. In response to ¶ 31, defendant incorporates its previous responses to the allegations as if fully set forth herein.

10. Defendant denies the allegations made in ¶¶ 32, 33, 34, 35 and 36.

## Count III

11. In response to ¶ 37, defendant incorporates its previous responses to the allegations as if fully set forth herein.

12. Defendant denies the allegations made in ¶¶ 38, 39, 40, 41, 42, 43, 44, 45, and 46.

## Count IV

13. In response to ¶ 47, defendant incorporates its previous responses to the allegations as if fully set forth herein.

14. Defendant denies the allegations made in ¶¶ 48, 49, and 50.

## Count V

15. In response to ¶ 51, defendant incorporates its previous responses to the allegations as if fully set forth herein.

16. Defendant denies the allegations made in ¶¶ 52, 53 and 54.

Wherefore, these premises considered, defendant Chad Franklin National Auto Sales North LLC prays this court enter its final order and judgment in its favor and against the plaintiff, for its costs and attorneys fees, and for such other and further relief to which the defendant might show itself entitled which is consistent with this answer.

## Affirmative Defenses

17. Defendant reserves the right to amend his answer to add additional affirmative defenses that may arise during this course of this litigation.

18. Plaintiff's claims may be barred in whole or in part by the exclusion of limited warranties by Defendant Chad Franklin National Auto Sales North LLC ("the corporate defendant").

19. To the extent Plaintiff relies upon any theory of breach of warranty, whether express or implied, and to the extent that the Court finds that a warranty applied to Defendant, such claims of Plaintiff are barred by reason of Plaintiff's lack of reliance upon any such warranties.

20. Plaintiff's claim is barred, in whole or in part, by the "unclean hands" doctrine.

21. Plaintiff's petition fails to state a claim upon which relief may be granted by this Court.

22. Plaintiff is barred from pursuing this judicial action because of a binding arbitration agreement.

23. Plaintiff's claims are barred in whole or in part because the Plaintiff has failed to mitigate his damages.

24. Plaintiff and/or the members of the putative class have affirmed, ratified, acquiesced, or otherwise consented to the actions of the Defendant.

4

25. The claims of some or all of the putative class are barred, as they have waived their rights to bring or participate in a class action.

26. Plaintiff and/or some or all members of the proposed class lack standing to bring claims pursuant to § 484.020, RSMo 2000 to the extent that such claims were not brought within two years of the date the alleged fee was paid, after which time only the Missouri Attorney General may bring claims pursuant to said statute.

27. The claims of the putative class may be barred in whole or in part by the doctrines of *res judicata* or collateral estoppel or the failure to assert such claims as compulsory counterclaims in prior litigation.

28. The claims of the putative class may be barred in whole or in part by the doctrines of *res judicata* or collateral estoppel due to the failure to schedule such claims in prior proceedings under Title 11 of the United States Code.

29. The claims may be barred in whole or in part by the doctrine of voluntary payment.

30. The claims may be barred in whole or in part by accord and satisfaction, waiver, settlement, and/or release.

31. Plaintiff's petition fails to adequately define or plead a class under the applicable federal statutes or Missouri Supreme Court Rules, or both.

32. The claims of some or all of the proposed class members are barred in whole or in part for the reason that said class members lack standing to bring claims under the Missouri Merchandising Practices Act as they did not purchase goods or services from this Defendant for "personal, family, or household purposes."

33. Class action is prohibited in this matter pursuant to Federal Rule of Civil Procedure 23, for one or more of the following reasons:

    (a)    Individual issues of fact and/or law predominate over the questions or law or fact common to the class;

    (b)    It is not impractical for the individual class members to bring their claims individually, especially given the availability of statutory penalties and/or attorney's fees;

    (c)    The individual members of the putative class have an interest in individually controlling their claims;

    (d)    Class treatment is not superior to other available methods for the fair and efficient adjudication of the controversy;

    (e)    Significant difficulties will be encountered in managing this case as a class action; and/or

    (f)    The case is otherwise unsuitable for class treatment.

34. Plaintiff is not appropriate class representatives to represent the putative class in this matter to the extent that Plaintiff's interests are adverse to the interests of other class members; to the extent that the claims of Plaintiff are not typical to the claims of the class; or to the extent that Plaintiff will not fairly and adequately represent the putative class.

35. The individual claims of Plaintiff are barred as said Plaintiff has agreed to submit his individual claims to binding arbitration and he has contractually waived his ability to bring or participate in a class action via the execution an express, written arbitration agreement.

36. For further answer and defense, Plaintiff's claim for punitive damages against Defendant violates Defendant's rights secured by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and by Article I, Sections 2, 10, 13, 14 and 21 of the Constitution of the State of Missouri in that the claim for punitive damages is for the purpose of punishing Defendant and is tantamount to imposition of a criminal fine based upon conduct and a mental state which is not defined with sufficient precision to notify Defendant in advance of that conduct which will give rise to imposition of punishment in the form of punitive damages, and the amount of penalty that may be imposed is indeterminate in that there are no definite standards governing the discretion of the fact finder in determining the severity of punishment to be inflicted, all of which violate Defendant's rights to procedural and substantive due process secured by both the federal and state constitutions; the claim for punitive damages constitutes an excessive fine and therefore deprives this Defendant of the guarantee secured by the state constitution that excessive fines shall not be imposed; the punitive damage claim discriminates against Defendant on the basis of wealth, in that different amounts can be awarded against different defendants for the same act based only upon the difference in wealth, and further the lack of standards for punishment of one defendant while refusing to impose punishment on another defendant for engaging in the same or similar conduct, and therefore is irrational, arbitrary, and capricious, and constitutes a deprivation of Defendant's right to the equal protection of the law as secured by the federal and state constitutions; the claim for punitive

7
Case 4:08-cv-00384-FJG   Document 8   Filed 05/27/08   Page 7 of 9

damages amounts to an ex post facto law and punishment which is retrospective in operation, impairs Defendant's rights to contract and to access to the courts, and further constitutes an uncertain remedy, all in contravention of rights secured for Defendant by the federal and state constitutions.

## JURY TRIAL DEMAND

37. Defendant demands a trial by jury.

Respectfully submitted,

**Case & Roberts P.C.**

s/ Kevin D. Case

---

Kevin D. Case, MO 41491; KS 14570
David J. Roberts, MO 42272; KS 14689
Patric S. Linden, MO 49551; KS 18305
Two Pershing Square
2300 Main Street, Suite 900
Kansas City, MO 64108
Tel: (816) 448-3707
Fax: (816) 448-3779
kevin.case@caseroberts.com
david.roberts@caseroberts.com
patric.linden@caseroberts.com
Attorneys for Defendant

## Certificate of Service

I hereby certify that on May 27, 2008, a true and correct copy of the above and foregoing was served by electronic filing and by depositing one copy in the U.S. Mail, first class postage prepaid, addressed to:

Michael K. Whitehead
The Whitehead Law Firm LLC
1100 Main Street
Suite 2600
Kansas City, MO 64105
Attorney for Plaintiff

Jonathan R. Whitehead
Graves Bartle & Marcus LLC
1100 Main Street, Suite 2600
Kansas City, MO 64105
Attorneys for Plaintiff

        s/ Kevin D. Case
        _____
        Kevin D. Case