**IN THE WESTERN DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| JACK KATES and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 08-0384-CV-W-FJG ) |
| CHAD FRANKLIN NATIONAL AUTO SALES NORTH LLC, and CHAD FRANKLIN, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Pending before the Court are (1) Plaintiff's Motion for Remand to State Court (Doc. No. 5); and (2) Plaintiff's Motion to Dismiss Count II (T.I.L.A.) (Doc. No. 7). Both will be considered, below.

**I.    Background**

Plaintiff filed the present matter in the Circuit Court of Jackson County, Missouri on April 30, 2008. Plaintiff alleges he purchased a 2007 Suzuki Grand Vitara from a dealership located in Kansas City, Kansas, and operated by Defendant Chad Franklin National Auto Sales North, LLC. See petition, ¶¶ 9-10. Plaintiff alleges that he purchased the vehicle under a promotional plan offered by the dealership, and that misrepresentations were made to him regarding the plan. Id., ¶¶ 14-18. Plaintiff makes claims for (1) Missouri Merchandising Practices Act (MMPA) violations; (2) federal Truth In Lending Act (TILA) violations; (3) fraud; (4) unjust enrichment; and (5) injunctive and declaratory relief. Plaintiff also seeks to pierce the corporate veil of the dealership and have the Court hold defendant

Chad Franklin personally liable.

Plaintiff also seeks to represent a putative class of claimants, defined as:

> All natural persons who, within the applicable statutes of limitation, purchased cars from Defendants or their Affiliates and enrolled in the Promotional Plan offered by defendant, as outlined herein.

Id. at ¶ 20. Despite plaintiff's arguments in his briefs that he seeks to represent a class of "predominately Missouri victims" (see Doc. No. 12), his petition's class definition does not limit itself to Missouri residents.

On May 20, 2008, defendants filed their notice of removal, stating that this Court has both original "federal question" jurisdiction under 28 U.S.C. § 1331 and original diversity jurisdiction under 28 U.S.C. § 1332(d) and the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1453. On May 23, 2008, plaintiff filed the pending motions to remand and to dismiss Count II of his petition.[1]

## II. Plaintiff's Motion to Dismiss Count II (T.I.L.A.) (Doc. No. 7)

Plaintiff moves to dismiss Count II of plaintiff's petition without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Count II of plaintiff's petition is a Truth in Lending Act ("TILA") claim, brought pursuant to 15 U.S.C. § 1601-55. Plaintiff asserts that defendants based their notice of removal primarily on federal question jurisdiction.[2] Plaintiff states that if Count II is dismissed, no federal question is remaining before this court, and the state claims should then be remanded to the state court. Plaintiff states as his reason for seeking this dismissal that he "has concluded that the factual

---

[1] Count II of plaintiff's petition is the federal question claim.

[2] As noted above, defendants also premised their notice of removal on diversity jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1453.

allegations and the remedies of Missouri Merchandising Practices Act substantially overlap with TILA, so that TILA affords no substantial additional remedies to plaintiff." Plaintiff does not seek to otherwise amend his petition.[3]

Defendant argues in its response in opposition to the motion to dismiss (Doc. No. 10), that plaintiff is merely seeking to voluntarily dismiss his claim in an attempt to seek a more favorable forum (in this case, remand to the Missouri state courts). Defendant states that plaintiff does not allege any defect in the TILA claim or any belief that he and the putative class are not entitled to relief under the TILA. Instead, plaintiff only states that he has concluded that the remedies of the TILA and MMPA overlap. Defendant states that plaintiff, as the proposed representative of a putative class should not be allowed to abandon this claim, potentially to the detriment of himself and the members of the putative class. Plaintiff does not reply to defendant's arguments in opposition to the motion to dismiss; instead, plaintiff again simply asserts that he should be allowed to dismiss this claims so that the case can be remanded to state court.

The decision to allow a party to voluntarily dismiss an action rests within the sound discretion of the court. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941 (8th Cir. 1999). Additionally, given that this is a putative class action, Rule 23(e) of the Federal Rules of Civil Procedure provides that claims can only be voluntarily dismissed upon the Court's approval. Id. at 950-51. Furthermore, "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum" Id. at 950.

In this matter, the Court finds that plaintiff has not demonstrated that he ought to be allowed to dismiss his TILA claim. In particular, the Court is concerned that this is a

---

[3]In particular, the Court notes that plaintiff does not seek to amend his class definition.

putative class action, and the claims of some of these putative class members may not be covered by the MMPA.[4] Instead, the Court agrees with defendants that plaintiff's attempt to dismiss his TILA claim is really an attempt to manipulate jurisdiction in order to seek what plaintiff perceives to be a more favorable forum. Plaintiff's motion to dismiss (Doc. No. 7) will be **DENIED.**

### III. Plaintiff's Motion for Remand to State Court (Doc. No. 5)

Plaintiff moves to remand pursuant to 28 U.S.C. §§ 1332, 1441 and 1447. Plaintiff argues that, once the TILA claims are dismissed, this Court should remand this action as jurisdiction under CAFA does not exist. Plaintiff's motion to remand (Doc. No. 5) will be **DENIED**, however, as the Court has not dismissed plaintiff's federal TILA claims.

Further, the Court would have denied plaintiff's motion to remand even if plaintiff's TILA claims had been dismissed. The Court notes that diversity jurisdiction under CAFA is present in this action, as defendants have demonstrated that a member of the class of plaintiffs is a citizen of a state different from any defendant and that a fact finder might legally award the class more than $5 million.[5] See 28 U.S.C. § 1332(d)(2)(A). Plaintiff

---

[4]Without making a decision on this issue, the Court notes that plaintiff has not limited his proposed class to Missouri residents, and it is apparent from the face of the pleadings and briefs filed in this case that there are members of the class from the state of Kansas, as well as the states of Texas, Oklahoma, Colorado, and California (see Doc. No. 12). Further, one of defendants' car dealerships is in Kansas, not Missouri. On the face of this action, then, there is a potential that certain members of the class may not be covered by the protections of the MMPA, as the alleged misrepresentations as to certain of the members of the plaintiff class may have been made to non-Missouri residents from a state other than Missouri. See RSMo. § 407.020(1) (creating a cause of action for misrepresentations and other actions "in or from the state of Missouri.")

[5]Defendants have provided an affidavit indicating that during the period between May 2007 to May 2008, the dealership sold approximately 651 vehicles under various promotional plans. Defendants indicate that 54.225% of those vehicles were sold to Kansas residents and 45.775 were sold to Missouri residents. See Ex. A to Doc. No. 11. As noted by defendants, the amount alleged in plaintiff's individual transaction is

additionally has not demonstrated that this case is one where the court is required to decline to exercise jurisdiction under 28 U.S.C. § 1332(d)(4). Further, given the facts of this case, the Court would not be inclined to grant a discretionary remand under 28 U.S.C. § 1332(d)(3).

Accordingly, plaintiff's motion to remand (Doc. No. 5) is **DENIED.**

IV. **Conclusion**

For the above-mentioned reasons, (1) Plaintiff's Motion for Remand to State Court (Doc. No. 5) is **DENIED**; and (2) Plaintiff's Motion to Dismiss Count II (T.I.L.A.) (Doc. No. 7) is **DENIED**.

**IT IS SO ORDERED.**

Date: 7/30/08　　　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge

---

$29,824.00. Petition at ¶ 11. Assuming the court were to award damages in the value of the automobiles allegedly fraudulently sold, damages to 651 plaintiffs would exceed $19 million. Even if the Court were to use the figure supplied by plaintiff ("30-or-so" potential claimants that had contacted plaintiff's attorney), actual damages would be nearly $900,000. The Court can easily imagine how $900,000 in actual damages, combined with punitive damages and attorney's fees, could exceed the jurisdictional threshold. See Bass v. Carmax Auto Superstores, Inc., 2008 WL 441962 (W.D. Mo., Feb. 14, 2008) (07-00883-CV-W-ODS).